FILED LODGED
ENTERED RECEIVED

JAN 2 0 2006    LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

M2 INNOVATIVE CONCEPTS, INC, a
Washington Corporation

           Plaintiff,

vs.

ANN SACKS TILE & STONE, INC., an
Oregon Corporation; and KOHLER CO.,
INC., a Wisconsin Corporation

           Defendants.

NO. **C06-0111MJP**

COMPLAINT FOR INJUNCTIVE RELIEF,
DECLARATORY REFLIEF AND FOR
DAMAGES



06-CV-00111-CMP

COMES NOW the Plaintiff, and for cause of action states and alleges as follows:

## I. PARTIES

1.1    Plaintiff is a corporation, organized and existing under the laws of the state of Washington, with its principal offices located within the jurisdictional boundaries of this court, and conducting business in this state and throughout the United States.

1.2    Defendant Ann Sacks Tile & Stone, Inc. is a corporation, organized and existing under the laws of the state of Oregon, with its principal offices located in Portland, Oregon, and conducting business in this state and throughout the United States.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - Page 1
331962.01|033760|0011|7456011.DOC

ORIGINAL

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 – 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

1.3    Defendant Kohler Co., Inc. is a corporation, organized and existing under the laws of the state of Wisconsin, with its principal offices located in Kohler, Wisconsin, and conducting business in this state and throughout the United States.  Through a merger or share exchange, Ann Sacks Tile & Stone, Inc. has become a wholly owned subsidiary of Kohler Co., and since said merger or share exchange, Ann Sacks Tile & Stone has been controlled and directed by Kohler Company.

## II.    JURISDICTION AND VENUE

2.1    This court has jurisdiction over the subject matter of this dispute, because it involves claims arising under federal statutes and regulations, and because of a diversity in citizenship between the Plaintiff and the Defendants.

2.2    This court has jurisdiction over the parties because the defendants conduct commerce within the jurisdictional boundaries of this court, and venue is proper under 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred, and a substantial part of the property that is the subject of this action is situated in this judicial district.

## III. FACTS

3.1    The Plaintiff M2 Innovative Concepts is a manufacturer and distributor of glass tile products used in interior design and decoration of residential and commercial construction and renovation.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - Page 2
331962.01|033760|0011|7456911.DOC

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 – 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

1    3.2    M2 distributes its glass tile product lines throughout the Unites States.

2  Typically, architects and interior designers become aware of M2's products through print

3  advertising and through physical product displays in the showrooms of wholesale material

4  suppliers.

5    3.3    M2 has spent years, and hundreds of thousands of dollars, developing and

6  perfecting its product lines, researching market tastes and preferences, and marketing and

7  promoting its products to its clientele, building name recognition and goodwill.

8    3.4    M2 identifies its different tile product lines by names, which names have

9  acquired   secondary   meaning   amongst   customers   and   distributors,   with   favorable

10  connotations of high production quality and timeless, attractive styling.  The names of M2's

11  tile product lines are source indicating, materially contributing to M2's goodwill and to the

12  loyalty of its customers and distributors.

13    3.5    M2 has registered with the United States Patent Office trademarks for several

14  of its successful product lines, as follows:  "CHIARO TILE SYSTEM", under registration

15  no.  2,492,676, registered September 25, 2001; "GLASHAUS", under registration no.

16  2,529,770, registered January 15, 2002; and "METROPOL GLASS", under registration no.

17  2,559,769, registered January 15, 2002.

18    3.6    Between 1986, and 1990, M2 developed and performed initial market testing

19  on its tile product line known as the "CHIARO TILE SYSTEM".

20    3.7    Defendant Ann Sacks Tile & Stone, Inc. is a wholesale and retail material

21  supplier, and also a provider of interior design consulting services related to such materials.

22  Ann Sacks maintains showrooms in various large cities throughout the United States,

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - Page 3
331962.01 | 033760 | 0011 | 745601!.DOC

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 – 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

1   including Seattle, Washington, and also purchases print advertising and places trade

2   magazine editorials.

3       3.8   Beginning in 1990, M2 began distributing the CHIARO TILE SYSTEM

4   through Ann Sacks.

5       3.9   Between 1991 and 1995, M2 began distributing the CHIARO TILE SYSTEM

6   through distributors other than Ann Sacks, throughout the United States.

7       3.10   In 1995, M2 declined Ann Sacks' invitation to place the CHIARO TILE

8   SYSTEM product line in Ann Sacks' independent distribution program, because the program

9   would have required M2 to give Ann Sacks exclusive distribution rights, and would have

10   required M2 to cease distributions of its product line through other distributors.

11       3.11   In 1996, M2 agreed to place its product line "GLASHAUS" through Ann

12   Sacks' corporate showrooms and through Ann Sacks' independent distribution system, and

13   began to fill sales orders for that product line through Ann Sacks.

14       3.12   In 1999, M2 placed its "METROPOL GLASS" product line in Ann Sacks'

15   Los Angeles and New York City showrooms, and began to fill sales orders for that product

16   line through Ann Sacks.

17       3.13   In the year 2000, M2 began to receive information that Ann Sacks was selling

18   less expensive "knock off" products based upon displays, and print advertising and literature

19   relating to M2's product lines. As a result, by letter dated February 2, 2001, M2 notified

20   Ann Sacks that it was terminating the product suite for CHIARO TILE SYSTEM,

21   GLASHAUS and METROPOL GLASS through Ann Sacks' showrooms and distribution

22

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - Page 4
331962.01|033760|0011|7456011.DOC

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 – 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

1   system.  The termination was effective immediately, but expressly stated that outstanding

2   orders as of that date would be filled by M2.

3       3.14   Ann Sacks acknowledged receipt of M2's letter of termination by response

4   letter dated February 15, 2001.

5       3.15   Ann Sacks conspired with and encouraged Caracol LLC d/b/a Caracol Design

6   and its owner, George Capestany, to find out how M2 manufactures CHIARO TILE

7   SYSTEM and GLASHAUS tile products, to reproduce M2's products under different names,

8   for distribution and sale.

9       3.16   Beginning in or about 2001, Ann Sacks began to distribute a glass tile line

10  called "Santiago", manufactured by Caracol, and actively led dealers, designers and end

11  user customers to believe that they were purchasing M2's CHIARO TILE SYSTEM.  The

12  Santiago tile product is inferior in quality and all or nearly all of its installations resulted in

13  failures and then complaints by end users, dealers, and designers.  Despite these installation

14  failures, Ann Sacks continued to maintain M2's CHIARO TILE SYSTEM displays in its

15  showrooms, to attract interested purchasers, and then to offer Santiago products as a

16  substitute, often representing that CHIARO TILE SYSTEM tile was no longer being

17  produced.

18      3.17   In approximately 2002, Ann Sacks began selling a tile product line called

19  "Nuevo Santiago", also manufactured by Caracol, as a less expensive knock off of M2;s

20  GLASHAUS product line.  Ann Sacks continued to maintain GLASHAUS displays in its

21  showrooms, to attract interested purchasers, and then to offer Nuevo Santiago as a

22  substitute, often claiming that GLASHAUS tile was no longer being produced.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - Page 5
331962.01|033760|0011|7456011.DOC

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 - 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

3.18    Capestany stated to third parties that he and Caracol would put M2 out of business through the manufacture and distribution of knock offs of M2 tile products, because he had Ann Sacks' assistance and backing.  Capestany acted in concert with Ann Sacks in numerous deceptive acts and practices, seeking to discover M2's methodologies and materials used in production of CHIARO TILE SYSTEM and GLASHAUS tile products.

3.19    Caracol's knock off products, known as "Santiago" and "Nuevo Santiago" are inferior to M2's products in quality and defective in their design.

3.20    Failures of installations of Caracol's knock off products, distributed by Ann Sacks as M2 products or as qualitatively identical substitutes for M2's products, have caused injury to M2's reputation and goodwill and to the loyalty of its customer base and referral sources.

3.21    M2 received numerous calls by people who had been led to believe that the Santiago tile they had purchased was M2's CHIARO TILE SYSTEM, leading to multiple "false alarm" warranty calls and associated general damage to M2's reputation, its goodwill and the loyalty of its clientele.

3.22    At expense, M2 developed and prepared a written analysis and distributed it to architects, designers and tile product distributors across the country, to educate them on the attributes of the CHIARO TILE SYSTEM that make it superior to inexpensive knock off brands.

3.23    By letter dated June 26, 2002, M2 formally demanded that Ann Sacks take down all showroom displays containing M2 products, since Ann Sacks was no longer

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - Page 6
331962.01|033760|0011|745601!.DOC

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 – 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

1   authorized to offer M2 products for sale, and asserting that the continued display of such

2   product lines violated M2's trademarks.

3       3.24   In approximately 2004, Ann Sacks began selling a new glass tile product line,

4   referred to as "METRO GLASS", which is deceptively similar to the METROPOL GLASS

5   product line manufactured and distributed by M2, which product line was previously

6   distributed by Ann Sacks.

7       3.25   In April, 2004, in connection with a nationwide marketing television program

8   known as "Dream House", Ann Sacks actively and falsely represented on network television

9   that the CHIARO TILE SYSTEM had been discontinued, and was no longer being

10  produced.

11      3.26   M2 has demanded that Ann Sacks remove all M2 product from its showroom

12  displays, cease distribution of print advertising and brochures depicting M2 product, cease

13  distributing inferior knock off glass tile products as "substitutes for" or "the same as" M2's

14  high quality products, and cease distributing tile products with names that are deceptively

15  similar to M2's product lines.  Ann Sacks has failed and refused to conform any of its

16  behavior to M2's demands.

17

18  ## IV. FIRST CAUSE OF ACTION: TRADEMARK INFRINGEMENT UNDER THE

19  ## LANHAM ACT

20      4.1   Ann Sacks distributes, promotes, advertises and sells a line of glass tile for

21  use in interior decoration and design under the name "METRO GLASS" in interstate

22  commerce

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - Page 7
331962.01 |033760| 0011 |7456011.DOC

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 – 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

1    4.2    The name METRO GLASS, for glass tile used in interior decoration and

2    design is deceptively similar to M2's registered trademark, "METROPOL GLASS", which

3    Ann Sacks previously distributed, promoted, advertised and sold.

4    4.3    Ann Sacks' distribution, promotion, advertisement and sale of glass tile under

5    the name METRO GLASS is likely to cause confusion amongst consumers, dealers,

6    architects and designers.

7    4.4    As a direct and proximate result of Ann Sacks wrongful distribution,

8    promotion, advertisement and sale of glass tile under the name METRO GLASS, M2 has

9    suffered injury.

10    4.5    Ann Sacks' distribution, promotion, advertisement and sale of glass tile under

11    the name METRO GLASS constitutes infringement of M2's trademark "METROPOL

12    GLASS".

13    4.6    Ann Sacks' infringement of M2's trademark rights in the name METROPOL

14    GLASS is deliberate and willful.

15    4.7    M2 is entitled to preliminary and permanent injunctive relief to prohibit Ann

16    Sacks from continuing to distribute, promote, advertise and sell glass tile products under the

17    name METRO GLASS, or any other appellation that is deceptively similar to M2's

18    METROPOL GLASS mark.

19    4.8    M2 is entitled to damages, in an amount to be proved at trial, to compensate

20    M2 for the harm caused by Ann Sacks' willful and deliberate infringement of M2's

21    trademark.

22

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - Page 8
331962.01|033760|0011|7456011.DOC

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 = 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

# V. SECOND CAUSE OF ACTION: FALSE DESIGNATION OF ORIGIN UNDER
## THE LANHAM ACT

5.1    Ann Sacks has engaged in acts and practices deliberately aimed at palming off glass tile merchandise to unsuspecting purchasers, who believe they are in fact purchasing M2's glass tile merchandise.

5.2    Ann Sacks has engaged in acts and practices designed to falsely inform purchasers that its glass products have features and characteristics identical to the M2's glass tile products.

5.3    Ann Sacks has engaged in acts and practices designed to falsely inform purchasers that M2's glass tile products are no longer available and cannot be obtained, in order to lure purchasers to purchase glass tile products of lesser quality from Ann Sacks.

5.4    M2 has been injured and has suffered damages in an amount to be proved at trial as a direct and proximate result of the acts of Ann Sacks alleged herein.

5.5    The acts alleged herein constitute violations of the section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

5.6    M2 is entitled to preliminary and permanent injunctive relief, to prohibit Ann Sacks from making statements that are false and misleading with respect to the origin of its goods, and with respect to the nature, characteristics, qualities, or origin of M2's goods.

5.7    M2 is entitled to an award of damages, in an amount to be proved at trial, as compensation for Ann Sacks' violation of section 43(a) of the Lanham Act.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - Page 9
331962.01|033760|0011|7456011.DOC

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 – 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

## VI.  THIRD CAUSE OF ACTION:  COMMON LAW TRADEMARK

## INFRINGEMENT

6.1     M2 has used the term "METROPOL GLASS" in interstate commerce since at least 1999.

6.2     The term METROPOL GLASS is source indicating, and has become favorably associated with M2, with connotations of high quality, and popular contemporary styling, amongst architects, designers and consumers.

6.3     M2 has invested significant resources to build loyalty and goodwill amongst its customers and design professionals with respect to the names associated with its various product lines.

6.4     The term METROPOL GLASS has acquired a secondary meaning associated with M2.

6.5     Since M2 placed its METROPOL GLASS line of glass tiles in commerce, Ann Sacks has engaged in the distribution, promotion, advertising and sale of similar glass tile products, in a line sold under the name "METRO GLASS".

6.6     Within the relevant industry and channels of commerce, the term METRO GLASS is deceptively similar to METROPOL GLASS, and is likely to cause confusion as to the origin of the products, and their respective sources.

6.7     Ann Sacks' distribution, promotion, advertising and sale of similar glass tile products, in a line sold under the name "METRO GLASS" infringes on M2's common law trademark rights.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - Page 10
331962.01 |033760|0011|7456011.DOC

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 – 108th Avenue N.E.
Suite 1900
P.O. Box C-90018
Bellevue, Washington 98009-9016
(425) 456-1234

1    6.8    M2 has been injured as a direct and proximate result of Ann Sacks'

2  distribution, promotion, advertising and sale of similar glass tile products, in a line sold

3  under the name METRO GLASS.

4    6.9    M2 is entitled to preliminary and permanent injunctive relief to prohibit Ann

5  Sacks from continuing to distribute, promote, advertise and sell glass tile products under the

6  name METRO GLASS or any other appellation that is deceptively similar to M2's

7  *METROPOL GLASS* mark.

8    6.10    M2 is entitled to damages, in an amount to be proved at trial, to compensate

9  M2 for the harm caused by Ann Sacks' willful and deliberate infringement of M2's common

10  law trademark rights.

11

12    **VII.  FOURTH CAUSE OF ACTION:  COMMON LAW COMMERCIAL**

13    **DISPARAGEMENT**

14    7.1    Ann Sacks has intentionally made statements of a false and deceptive nature

15  concerning M2's glass tile products.

16    7.2    Ann Sacks has knowingly and maliciously described certain of M2's products

17  as unavailable to interested purchasers.

18    7.3    Ann Sacks has knowingly and falsely described certain of its glass tile

19  products as identical to M2 glass tile products with respect to certain features or

20  characteristics, to induce purchasers to buy Ann Sacks' glass tile products.

21    7.4    M2 has suffered injury and harm as a direct and proximate result of Ann

22  Sacks' wrongful commercial disparagement of M2's glass tile products.

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 – 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

1    7.5    M2 is entitled to preliminary and permanent injunctive relief to prohibit Ann

2  Sacks from continuing to make false and deceptive statements in reference to M2's glass tile

3  products.

4    7.6    M2 is entitled to damages, in an amount to be proved at trial, to compensate

5  M2 for the harm caused by Ann Sacks' willful and deliberate false and deceptive statements

6  made in reference to M2's glass tile products.

7

8  **VIII.  FIFTH CAUSE OF ACTION:  COMMON LAW UNFAIR COMPETITION**

9    8.1    Ann Sacks has engaged in acts and practices deliberately aimed at palming off

10  glass tile merchandise to unsuspecting purchasers, who believe that they are in fact

11  purchasing M2's glass tile merchandise.

12    8.2    Ann Sacks has engaged in acts and practices designed to falsely inform

13  purchasers that its glass products have features and characteristics identical to the M2's glass

14  tile products.

15    8.3    Ann Sacks has engaged in acts and practices designed to falsely inform

16  purchasers that M2's glass tile products are no longer available and cannot be obtained, in

17  order to lure purchasers to purchase glass tile products of lesser quality from Ann Sacks.

18    8.4    M2 has been injured and has suffered damages in an amount to be proved at

19  trial as a direct and proximate result of the acts of Ann Sacks alleged herein.

20    8.5    The acts alleged herein constitute violations of the section 43(a) of the

21  Lanham Act, 15 U.S.C. § 1125(a).

22

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - Page 12
331962.01|033760|0011|7456011.DOC

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 – 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

8.6     M2 is entitled to preliminary and permanent injunctive relief, to prohibit Ann Sacks from making false statements that are false and misleading with respect to the origin of its goods, and with respect to the nature, characteristics, qualities, or origin of M2's goods.

8.7     M2 is entitled to an award of damages, in an amount to be proved at trial, as compensation for Ann Sacks' violation of section 43(a) of the Lanham Act.

## IX.  SIXTH CAUSE OF ACTION:  VIOLATION OF CONSUMER PROTECTION ACT

9.1     The acts alleged herein were committed within the scope of Defendants' trade or business.

9.2     The acts alleged herein were false and deceptive within the meaning of Washington's Consumer Protection Act, RCW 19.86.020 et seq.

9.3     The acts alleged herein have the capacity to deceive large numbers of the public and are susceptible to repetition.

9.4     As a direct and proximate result of Defendants' false and deceptive acts and practices, M2 has suffered injury.

9.5     M2 is entitled to damages, in an amount to be proved at trial, for the harm caused as a result of Ann Sacks' false and deceptive acts and practices.

9.6     M2 is entitled to treble damages, up to $10,000.00, pursuant to RCW 19,86,020 et seq.

9.7     M2 is entitled to an award of reasonable attorneys fees pursuant to RCW 19.86.020 et seq.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - Page 13
331962.01|033760|0011|7456011.DOC

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 – 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

1

2

## X. PRAYER FOR RELIEF

3      Wherefore, having fully stated its causes of action, M2 prays for relief as follows:

4      A.      For permanent injunctive relief, prohibiting Ann Sacks or any person by

5  through, under or in concert with Ann Sacks, from distributing, promoting, advertising,

6  selling or offering for sale glass tile products under the name METRO GLASS or and other

7  name deceptively similar to M2's mark, METROPOL GLASS;

8      B.      For permanent injunctive relief, requiring Ann Sacks to remove any and all

9  display boards, vignettes, mock ups or other visual displays of M2 products from any Ann

10  Sacks showroom;

11      C.      For permanent injunctive relief, requiring Ann Sacks to terminate any and all

12  print advertising, photographs or other visual imagery, displaying M2 glass tile products;

13      D.      For permanent injunctive relief, prohibiting Ann Sacks or any person by

14  through, under or in concert with Ann Sacks, from making any false, misleading or

15  deceptive statements concerning the availability of M2 glass tile products;

16      E.      For permanent injunctive relief, prohibiting Ann Sacks or any person by

17  through, under or in concert with Ann Sacks, from making any false, misleading or

18  deceptive statements to any third party concerning the comparative features and

19  characteristics or quality of M2 glass tile products and other glass tile products sold and

20  distributed through Ann Sacks;

21

22

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - Page 14
331962.01|033760|0011|7456011.DOC

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 = 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
[425] 455-1234

1    F.    For damages against the Defendants, in an amount to be proved at trial, to

2  compensate M2 for the injury and detriment it has suffered as a result of Ann Sacks'

3  wrongful acts;

4    G.    For a statutory trebling of said damages, up to $10,000, in accordance with

5  Washington's Consumer Protection Act;

6    H.    For M2's reasonable attorneys fees incurred herein;

7    I.    For M2's costs herein to be taxed;

8    J.    For such other and further relief as the court deems just and equitable under

9  the circumstances.

10

11    DATED this  17th  day of January, 2006.

12                                   INSLEE, BEST, DOEZIE & RYDER, P.S.

13

14    By
                                   David J. Lawyer
15                                   W.S.B.A. #16353
                                   Attorneys for Plaintiff
16

17

18

19

20

21

22

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES - Page 15
331962.01|033760|0011|745601!.DOC

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 – 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234